FILED

DEC 0 7 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| FREDEAN MINCHOW, INDIVIDUALLY AND AS NEXT FRIEND OF ROBERT P. MINCHOW, AN INCOMPETENT ADULT; AND JENNIFER ROE, SARAH MINCHOW, KATHERINE DENNIS, AND ROBERT A. MINCHOW | § § § § § § § § |
| **Plaintiffs** | § § |
| VS. | § CIVIL ACTION NO. _____ |
| UNITED STATES OF AMERICA | § § § § |
| **Defendant** | § |

**SA06CA1072 FB**

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, Fredean Minchow, both Individually and as Next Friend of Robert P. Minchow, an Incompetent Adult; and Jennifer Roe, Sarah Minchow, Katherine Dennis, and Robert A. Minchow, hereinafter sometimes referred to as "Plaintiffs," and file their **Plaintiffs' Original Complaint** complaining of the United States of America, hereinafter sometimes referred to as "Defendant," and would respectfully show the Court the following:

**I.**

### PARTIES, JURISDICTION, SERVICE OF PROCESS, AND VENUE

1.1     This is a medical malpractice case.

1.2     Plaintiffs Fredean Minchow and Robert P. Minchow reside at 2727 Knoll Tree, San Antonio, Texas, 78247, which is within the jurisdiction of this Court.

**1.3**    Plaintiff Jennifer Roe resides at 5831 Spring Dove, San Antonio, Texas, 78247, which is within the jurisdiction of this Court.

**1.4**    Plaintiff Sarah Minchow resides at 12661 Thistle Down, San Antonio, Texas, 78217, which is within the jurisdiction of this Court.

**1.5**    Plaintiff Katherine Dennis resides at 12058 Storey Drive, San Antonio, Texas 78247, which is within the jurisdiction of this Court.

**1.6**    Plaintiff Robert A. Minchow resides at 3239 Coral Grove, San Antonio, Texas, 78247 which is within the jurisdiction of this Court.

**1.7**    The Defendant is the United States of America.

**1.8**    This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C §§1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

**1.9**    The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and **Plaintiffs' Original Complaint** on the United States Attorney Johnny Sutton, United States Attorney for the Western District of Texas, by certified mail, return receipt requested at his office, United States Attorney, Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas  78216 to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Complaint on Alberto Gonzales, Attorney General of the United States, by certified mail,  return receipt requested, at the Attorney General's Office, 10th and Constitution Avenue, N.W., Washington, DC  20530, to the attention of the Civil Process Clerk.

**1.10**   Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and Plaintiffs reside in this district and have their domicile in this district.

## II.

## LIABILITY OF THE UNITED STATES OF AMERICA

**2.1**   This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act."   Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America at the Houston VA Medical Center in Houston, Texas, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiffs in the same manner and to the same extent as a private individual.

## III.

## JURISDICTIONAL PREREQUISITES

**3.1**   Plaintiffs plead pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the Department of Veterans Affairs on May 9, 2006.   Greater than six months has passed since the filing of these claims, and the Department of Veterans Affairs has failed to resolve the claims.

The claims are deemed denied.  Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## IV.

## THE DEPARTMENT OF VETERANS AFFAIRS IS AN AGENCY

## OF THE UNITED STATES OF AMERICA

**4.1**    The Department of Veterans Affairs is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the Department of Veterans Affairs, at all times material hereto, owned, operated and controlled the health care facility known as the Houston VA Medical Center in Houston, Texas, and through its agency, the Department of Veterans Affairs, staffed said health care facilities with its agents, servants, and/or employees.

## V.

## EMPLOYMENT AND COURSE AND SCOPE

**5.1**    At all times material hereto, all persons involved in the medical and health care services provided to Robert P. Minchow at the Houston VA Medical Center located in Houston, Texas, were agents, servants, and/or employees of the Department of Veterans Affairs, the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## VI.

## FACTS

**6.1**   This is a Federal Tort Claim Action for monetary damages sustained by Plaintiffs Fredean Minchow, both Individually and as Next Friend of Robert P. Minchow, an Incompetent Adult; and Jennifer Roe, Sarah Minchow, Katherine Dennis, Robert A. Minchow, and Emma Jean Minchow resulting from personal injuries to Plaintiff Robert P. Minchow as a result of substandard, and therefore negligent, medical and hospital care.

**6.2**   On or about January 28, 2005, Robert P. Minchow was admitted to the Houston VA Medical Center in Houston, Texas for hip surgery.   Sometime during the perioperative period, Mr. Minchow did not receive adequate oxygen, and as a result, he suffered severe and permanent brain damage.

## VII.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

**7.1**   Defendant, the United States of America, was negligent in one or more of the following respects:

1.   In failing to timely and properly care for Robert P. Minchow;

2.   In failing to timely and properly treat Robert P. Minchow;

3    In failing to timely and properly assess Robert P. Minchow;

4..   In failing to timely and properly evaluate Robert P. Minchow;

5.   In failing to timely and properly monitor Robert P. Minchow;

6.    In failing to timely and properly anesthetize Robert P. Minchow;

7.   In failing to timely and properly operate on Robert P. Minchow; and

8.   In failing to timely and properly oxygenate to Robert P. Minchow.

**7.2** At all times mentioned herein, the employees, agents, and/or representatives of the United States Government were negligent and causative of the injuries and damages sustained by Plaintiffs.

## VIII.

## DAMAGES

**8.1** Damages of Robert P. Minchow.  As a direct and proximate result of Defendants' negligent acts and/or omissions, Robert P. Minchow has suffered, and continues to suffer severe personal injuries including, but not limited to:

1.      Past and future physical pain and suffering;

2.      Past and future mental anguish;

3.      Disfigurement;

4.      Past and future physical impairment;

5.      Past and future mental impairment;

6.      Loss of earnings and earning capacity;

7.      Past and future medical, health care, and attendant care expenses;

8.      Loss of enjoyment of life;

9.      Loss of consortium with his wife and four children; and

10.     Other pecuniary damages.

**8.2**     Damages of Fredean Minchow, Individually. As a direct and proximate result of Defendants' negligent acts and/or omissions, Fredean Minchow has individually incurred damages including, but not limited to:

1.      Loss of consortium with her husband; and

2.    Past and future economic loss from the injury to her husband.

**8.3**    <u>Damages of Jennifer Roe</u>. As a direct and proximate result of Defendants' negligent acts and/or omissions, Jennifer Roe has individually incurred damages including, but not limited to:

1.    Loss of child-parent consortium with her father, Robert P. Minchow.

**8.4**    <u>Damages of Sarah Minchow</u>. As a direct and proximate result of Defendants' negligent acts and/or omissions, Sarah Minchow has individually incurred damages including, but not limited to:

1.    Loss of child-parent consortium with her father, Robert P. Minchow.

**8.5**    <u>Damages of Katherine Dennis.</u>  As a direct and proximate result of Defendants' negligent acts and/or omissions, Katherine Dennis has individually incurred damages including, but not limited to:

1.    Loss of child-parent consortium with her father, Robert P. Minchow.

**8.6**    <u>Damages of Robert A. Minchow.</u>  As a direct and proximate result of Defendants' negligent acts and/or omissions, Robert A. Minchow has individually incurred damages including, but not limited to:

1.    Loss of child-parent consortium with his father, Robert P. Minchow.

## IX.

## <u>MEANING OF "DEFENDANT"</u>

**9.1**  In this Complaint, whenever the term "Defendant" is used, it means Defendant, Defendant's officers, agents, servants, employees, and/or representatives.   Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant,

Defendant's officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant omitted any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.

## X.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, Plaintiffs have judgment against Defendant, for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which Plaintiffs may show themselves entitled and to which the Court believes them deserving.

Respectfully submitted,

MICHAEL ARCHULETA
Texas State Bar Number: 00783555
**JAMAL K. ALSAFFAR**
Texas State Bar Number: 24027193
**LAURIE M. HIGGINBOTHAM**
Texas State Bar Number: 50511759
**ARCHULETA, ALSAFFAR & HIGGINBOTHAM**
P.O. Box 340639
Austin, Texas 78734
Telephone: (512) 266-7676
Telefax: (512) 266-4646

**ATTORNEYS FOR PLAINTIFFS**