IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FREDEAN MINCHOW, INDIVIDUALLY<br>AND AS NEXT FRIEND OF<br>ROBERT P. MINCHOW, AN<br>INCOMPETENT ADULT; AND<br>JENNIFER ROE, SARAH MINCHOW,<br>KATHERINE DENNIS, AND<br>ROBERT A. MINCHOW | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) |
| v. | ) Civil Action No. SA-06-CA-1072FB |
| | ) |
| UNITED STATES OF AMERICA | )<br>) |
| Defendant. | ) |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person,

other than the defendant and the structured settlement broker, signing this agreement, whether or

not a party to this civil action), and the United States of America, by and through their respective

attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any

kind, whether known or unknown, arising directly or indirectly from the acts or omissions that

gave rise to the above-captioned action under the terms and conditions set forth in this Settlement

Agreement.

2. This Stipulation For Compromise Settlement And Release is not, is in no way

intended to be, and should not be construed as, an admission of liability or fault on the part of the

United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. Within three business days after counsel of record for the United States receives (i) this Stipulation signed by all parties to said document; (ii) the Reversionary Trust signed by all parties to said document; (iii) a court Order approving the settlement on behalf of any legally incompetent adult or minor required to sign this Stipulation waiving and releasing claims or potential claims against the United States; (iv) the Social Security numbers or tax identification numbers of plaintiffs and their attorneys; and (v) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Department of the Treasury that the sum of One Million Dollars ($1,000,000.00) (hereinafter "settlement amount") be expeditiously wired to Mesirow Financial Structured Settlements, LLC Escrow Account (LaSalle Bank NA, 135 South LaSalle Street, Chicago, IL 60603, ABA# 071000505, Account # 5800980665). Mesirow Financial Structured Settlements, LLC agrees to distribute the settlement amount, as set forth below in paragraphs 3(a) and 3(b), within five business days after Mesirow Financial Structured Settlements, LLC receives a notice from its bank that the settlement amount has been received into said company's account and has received from plaintiffs a legible copy of each plaintiff's social security card and birth certificate.

a) To the plaintiffs the cash sum of Six Hundred Thirteen Thousand Three Hundred Twenty-Four Dollars ($613,324.00), made payable to plaintiffs Fredean Minchow, individually and on behalf of Robert A. Minchow, and their attorney Michael Archuleta, Esq.

b) For the funding of the Reversionary Trust described below in Paragraph 3.c., the sum of

Three Hundred Eighty-Six Thousand Six Hundred Seventy-Six Dollars ($386,676.00) to be paid as

follows:

> i. To an annuity company, rated at least A+ by A.M. Best rating service, a sum sufficient to purchase the following installment refund annuity contract payable to the Reversionary Trust:
>
>> $1,810 per month for the life of Robert Minchow, with a certain period of installment refund, beginning 1 month from the date the annuity contract is purchased. Benefits increase at 3.5% compounded annually.
>
> ii. To the Reversionary Trust, the balance of Three Hundred Eighty-Six Thousand Six Hundred Seventy-Six Dollars ($386,676.00) after making the disbursement required in Paragraph 3(b)(i), above.

All sums set forth herein constitute damages on account of personal physical injuries or

physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as

amended.

The annuity contract will be owned solely and exclusively by the United States and will be

purchased as soon as practicable following the execution of this Stipulation For Compromise

Settlement And Release. The parties stipulate and agree that the United States' only obligation with

respect to said annuity contract and any annuity payments therefrom is to purchase the annuity

contract, and they further agree that the United States does not guarantee or insure any of the annuity

payments. The parties further stipulate and agree that the United States is released from any and all

obligations with respect to the annuity contract and annuity payments upon the purchase of the

annuity contract.

The parties stipulate and agree that the annuity company that issued the annuity contract shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiffs and their guardians, heirs, executors, administrators or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company and the United States of the death of any payee of said annuity contract within ten (10) days of death.

In the event of the death of a payee of an annuity contract during a period of certain payments, all remaining certain payments shall be made payable to the United States Treasury and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044, or, upon written notice, any subsequent change of address.

c) The United States will establish, as the grantor, an Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the use and benefit of Robert A. Minchow, a copy of which is attached hereto and incorporated by reference.

Plaintiffs and their successors, assigns, or guardians agree to provide to the trustee of said trust any information, documentation, authorizations, or signatures required by the terms of the trust or by the trustee in administering the terms of the trust. The parties agree that the failure to provide such information, documentation, authorizations, or signatures may result in the denial, in whole or part, of payments from the trust estate, depending on the terms of the trust.

Plaintiffs and their heirs, executors, administrators, or assigns do hereby agree to maintain with the trustee and the United States a current mailing address, and to notify the trustee and the United States of any event upon which the right of payments from the trust estate may depend, including the death of any beneficiary of said trust, within ten (10) days of the date of such event.

Upon the death of the beneficiary of said trust, the trustee shall, to the extent permitted by the terms of said trust, pay allowable charges, expenses, and benefits, and liquidate and distribute the remaining trust estate to the United States by check made payable to the United States Treasury and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044, or, upon written notice, any subsequent change of address.

4. The Plaintiffs stipulate and agree that they are legally responsible for any and all liens or claims for payment or reimbursement, including any liens or claims by private insurance companies, Medicaid, or Medicare. Plaintiffs and their attorney stipulate and agree that the plaintiffs, by and through their attorney, will satisfy or resolve any and all liens or claims for payment or reimbursement

asserted by any individual or entity before distributing to the plaintiffs any portion of the amount paid

pursuant to Paragraph 3, above. The plaintiffs and their attorney further agree that, no later than

ninety (90) days from the date the United States wire transfers the settlement amount, plaintiffs'

attorney shall provide to the United States evidence that each such lien or claim has been satisfied or

resolved and that all lienholders and claimants have waived and released all such liens and claims.

The evidence required by the terms of this Paragraph may be satisfied by a letter from plaintiffs'

attorney representing to counsel for the United States that each such lien or claim has been satisfied

or resolved and that all lienholders and claimants have waived and released all such liens and claims.

    5. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby

accept the cash sums set forth above in paragraph 3(a), the purchase of the annuity contract set

forth above in paragraph 3(b), and the establishment of the Irrevocable Reversionary Inter Vivos

Grantor Medical Care Trust set forth above in paragraph 3(c) in full settlement and satisfaction of

any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including

any future claims for wrongful death and any claims for fees, costs and expenses, arising from,

and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal

injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their

heirs, executors, administrators, or assigns may have or hereafter acquire against the United

States, its agents, servants and employees on account of the same subject matter that gave rise to

the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and

assigns do hereby further agree to reimburse, indemnify and hold harmless the United States and

its agents, servants, and employees from and against any and all such claims, causes of action,

liens, rights, or subrogated or contribution interests incident to or resulting or arising from the

acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

6. This compromise settlement is specifically subject to each of the following conditions:

a. An agreement by the parties on the terms, conditions, and requirements of this Stipulation For Compromise Settlement And Release, the annuity contract(s), and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust. The parties stipulate and agree that the Stipulation For Compromise Settlement And Release and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions and requirements of this Stipulation For Compromise Settlement And Release, the annuity contract(s), or the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust. The terms, conditions and requirements of this Stipulation For Compromise Settlement And Release are not severable and the failure to agree, fulfill or comply with any term, condition, or requirement renders the entire Stipulation For Compromise Settlement And Release and the compromise settlement null and void. The authorization by the Attorney General or the Attorney General's designee to negotiate and consummate a settlement for the amount agreed upon by the parties does not make the settlement binding upon the United States unless and until the other terms, conditions and requirements of this Stipulation For Compromise Settlement And Release have been completely agreed upon in writing.

b. Each beneficiary of the annuity contract set forth above in paragraph 3(b) and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust set forth above in paragraph 3(c) must be alive at the time of both the purchase of said annuity contract and the funding of said Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust by the actual transfer of the

amount set forth above in paragraph 3(b)(ii) into a separate account opened by the trustee of said trust for the beneficiary. In the event of the death of any beneficiary prior to both the purchase of said annuity contract and the funding of said Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

c. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Such court approval must be obtained prior to both the purchase of the annuity contract and the funding of the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust set forth above in paragraphs 3(b) and 3(c). Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

7. Plaintiffs' attorney agrees to distribute the settlement proceeds among the plaintiffs and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

8. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 13th day of June , 2007.

Harold Edwin Brown, Jr., Esq.
Attorney for Defendant
United States of America

Executed this 30th day of April , 2007.

Michael Archuleta, Esq.
Attorney for Plaintiff

Executed this 25th day of May, 2007.

Fredean Minchow, Individually, and on Behalf of Robert Minchow·
Plaintiff

Executed this __4__ day of __June__, 2007.

Thomas D. Walsh
Mesirow Financial Structured Settlements