IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 1 8 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| FREDEAN MINCHOW, INDIVIDUALLY AND AS NEXT FRIEND OF ROBERT P. MINCHOW, AN INCOMPETENT ADULT; AND JENNIFER ROE, SARAH MINCHOW, KATHERINE DENNIS, AND ROBERT A. MINCHOW<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. SA-06-CA-1072FB<br>)<br>)<br>)<br>)<br>) |

## ORDER APPROVING SETTLEMENT ON
## BEHALF OF AN INCOMPETENT ADULT

On this 18th day of June, 2007, the above-referenced matter came on for consideration and approval by the Court as to the reasonableness of a settlement between the United States of America and Fredean Minchow, Individually and as Next Friend of Robert P. Minchow, an incompetent adult.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation For Compromise"), and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust For the Benefit of Robert Minchow (hereinafter "Trust"). The Court has reviewed the pleadings, the Stipulation For Compromise, and the Trust Report by Guardian Ad Litem NEAL W. HARDIN. The Court is fully informed of the specifics of the full and final terms and

conditions of the settlement. The Court understands that this settlement is contingent upon the satisfaction of the terms and conditions set forth in the Stipulation For Compromise and Trust, including the necessity of approval by the Attorney General of the United States and an Order approving the settlement on behalf of Robert P. Minchow, such approval having been obtained. The Court **FINDS** that this settlement is fair, reasonable, and in the best interests of Robert P. Minchow, an incompetent adult.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the settlement is hereby **APPROVED**. It is further **ORDERED** that Plaintiffs are expressly required, through their attorneys, to pay or resolve any and all liens or claims for payment or reimbursement arising out of the subject matter of this action, and through their attorneys, to provide to the United States the evidence that such liens or claims have been satisfied or resolved as required by the Stipulation for Compromise.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the settlement amount of One Million Dollars ($1,000,000.00) shall be distributed according to the terms and conditions of the Stipulation For Compromise. It is further **ORDERED** that attorneys' fees in this action shall be twenty-five percent (25%) of One Million Dollars ($1,000,000.00) and shall be paid as provided in the Stipulation For Compromise. The parties **AGREE** and the Court **HOLDS** that any of the fees for legal services incurred by plaintiffs, including any fees for legal services by the guardian ad litem, incurred in this litigation or in obtaining any court approval of this settlement shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. §2678. It is hereby **ORDERED** that such attorneys fees, costs and expenses are approved and are to be paid as provided in the Stipulation For Compromise and this

Order. The Court finds that plaintiffs are legally responsible for any and all liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or other governmental body or organization, or by any healthcare providers or others, arising out of the injury or injuries that are the subject matter of this action.

The Court hereby **ORDERS** plaintiffs, by and through their attorneys, to satisfy or resolve any and all such liens or claims for payment or reimbursement asserted by any individual or entity.

The Court further **ORDERS** that plaintiffs and their attorneys shall provide to the United States the evidence required by the Stipulation for Compromise regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation For Compromise.

The Court further **ORDERS** that plaintiffs' attorneys shall not distribute to plaintiffs any of the amount held in the attorneys' client trust account unless and until such liens or claims for payment or reimbursement have been satisfied or resolved.

**FURTHER**, subject to the terms and conditions set forth in this order, plaintiffs' attorneys agree to distribute the settlement amount to the plaintiffs after paying or resolving any lien or claim for reimbursement or payment for which plaintiffs have agreed to be legally responsible under the terms of the Stipulation for Compromise and this Order. Plaintiffs' attorneys further agree that, immediately upon receipt of the

3

settlement funds, they will file with the United States District Court for the Western District of Texas a dismissal of this action with prejudice, with each party bearing its own costs, expenses, and fees.

SIGNED AND ENTERED this __18th__ day of June, 2007.

**FRED BIERY**
**UNITED STATES DISTRICT JUDGE**